IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
JAMES BETHEL,                   )
                                )
             Plaintiff,         )      4:08CV3265
                                )
        v.                      )
                                )
TERRY T. WAGNER, Sheriff, and   )      MEMORANDUM OPINION
TODD DUNCAN, Deputy,            )
                                )
             Defendants.        )
_____)
```

This matter is before the Court on defendants' motion for summary Judgment (Filing No. 9). The motion will be granted.

## I.    BACKGROUND

Plaintiff James Bethel ("Bethel") filed his complaint in this matter on December 29, 2008 (Filing No. 1). Liberally construed, Bethel's complaint alleges that he was denied a handgun permit by defendants because of a misdemeanor conviction for carrying a concealed weapon. (*Id.*) Bethel disputes the validity of that conviction and alleges that the resulting denial of a permit violated his constitutional rights. (*Id.*) As a result of this action, Bethel "want[s his] purchasing permit back." (*Id.* at CM/ECF p. 5.) Defendants filed their motion for summary judgment on May 29, 2009 (Filing No. 9). Along with their motion, defendants also filed an index of evidence and brief in support (Filing Nos. 10 and 11). Despite having more than two months in which to do so, Bethel did not file an opposition or any other response to defendants' motion. (*See* Docket Sheet.)

The party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law." NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint citations to evidence supporting the opposition. *Id.* "Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response." *Id.*; *see also* Fed. R. Civ. P. 56(e) ("A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.").

Defendants submitted a statement of material facts in accordance with the Court's Local Rules. However, Bethel has not submitted any "concise response" to those facts. Further, defendants submitted evidence which was properly authenticated by affidavit. Bethel did not. This matter is deemed fully submitted and the material facts set forth by defendants in their brief are "deemed admitted" and are adopted below.

## II.     RELEVANT UNDISPUTED FACTS

1) On July 27, 2003, Bethel was convicted of carrying a concealed weapon and he was sentenced for that offense on August 22, 2003.

2) Bethel submitted a request for a handgun permit using a State of Nebraska "Application to Purchase, Lease, Rent, or Receive Transfer of Firearm" form on December 14, 2007 (the "Application").

3) At all relevant times, Nebraska law provided that, "[a]ny person desiring to purchase, lease, rent, or receive transfer of a handgun shall apply with the chief of police or sheriff of the applicant's place of residence for a certificate. . . . An applicant shall receive a certificate if he or she is twenty-one years of age or older and is not prohibited from purchasing or possessing a handgun by 18 U.S.C. 922." Neb. Rev. Stat. § 69-2404 (2009).

4) At relevant times, Nebraska law also provided that, "[i]f it is determined that the purchase or possession of a handgun by the applicant would be in violation of applicable federal, state, or local law, the chief of police or sheriff shall deny the certificate." Neb. Rev. Stat. § 69-2405 (2006).

5) At all relevant times, Lincoln Municipal Code 9.36.100 provided that, "(a) It shall be unlawful for any person to possess any firearm within the corporate limits or on any property of the City of Lincoln outside the corporate limits when that person has been convicted of any one of the following

offenses within the last ten years . . . [c]arrying concealed weapon in violation of Neb. Rev. Stat. § 28-1202 . . ."

     6) Applying the provisions of Neb. Rev. Stat. § 69-2405 and Lincoln Municipal Code 9.36.100, defendant Duncan denied Bethel's Application.

     7) Bethel was notified of the denial of his Application by letter on December 20, 2007.

     8) The December 20, 2007, letter stated that Bethel's Application was denied because of his August 22, 2003, conviction for carrying a concealed weapon. The letter also advised Bethel of his right to appeal the denial (Filing Nos. 10 and 11).

### III.    ANALYSIS

#### A.   Standard of Review

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). *See also* *Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate the allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

### B.  Defendants' Motion

Defendants argue that they are entitled to summary judgment because Bethel's complaint fails to state a claim upon which relief may be granted (Filing No. 11).  The Court agrees. Claims relating to the validity of an individual's conviction may not be brought in a civil rights case, regardless of the relief sought. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriquez*, 411 U.S. 475 (1973). Bethel's entire complaint relates to the validity of his carrying a concealed weapon conviction and the "conspiracy" to arrest him on that charge Filing No. 1). The complaint must be dismissed because, giving it the broadest possible construction, it seeks to overturn a state criminal conviction in the civil rights context. *Preiser* and *Heck* bar such claims. In addition, even if the Court assumes

that Bethel raises some claim based on the Supreme Court's most recent decision regarding rights under the Second Amendment, it is clear that the complaint also fails to state a claim.  Indeed, under *Heller*, there is no basis for concluding that the bar against convicted persons possessing firearms would run afoul of the Second Amendment, even assuming the Second Amendment applies to the states.  *District of Columbia v. Heller*, 128 S. Ct. 2783, 2816 (2008).  Thus, the Court finds that Bethel has failed to show a violation of a constitutional right and that summary judgment in favor of defendants is appropriate.  However, the Court will dismiss Bethel's claims without prejudice to reassertion in an action challenging the validity of his 2003 conviction.  A separate order will be entered in accordance with this memorandum opinion.

     DATED this 26th day of August, 2009.

               BY THE COURT:

               /s/ Lyle E. Strom
               _____
               LYLE E. STROM, Senior Judge
               United States District Court